**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**KAREN M.,**[1]

    **Plaintiff,**

  v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**Case No. 25–cv–02078–ESK**

**OPINION**

---

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on plaintiff Karen M.'s appeal (ECF No. 1) from the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for Social Security Disability Insurance Benefits (ECF No. 4–2 pp.16–40). For the following reasons, the Commissioner's decision will be **VACATED** and **REMANDED**.

### I.   BACKGROUND

    Because the record is voluminous, I set forth only the facts necessary for context and relevant to the issues on appeal.

    On April 14, 2022, plaintiff filed an application for benefits and supplemental security income. (*Id.* p.19.) The application was denied initially on January 18, 2023 and on reconsideration on April 17, 2023. (*Id.*) Administrative Law Judge (ALJ) Matthew Levin held a hearing on May 14, 2024, at which plaintiff and a vocational expert (VE) testified. (*Id.* pp.19, 41–

---

[1] Due to the significant privacy concerns in Social Security cases, any nongovernmental party will be identified and referenced solely by first name and last initial in opinions issued in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021–10.

78.)  On May 31, 2024, ALJ Levin issued a decision unfavorable to plaintiff, concluding that she was not disabled within the meaning of the Social Security Act (the Act).  (*Id.* pp. 16–40.)  On September 20, 2024, the Appeals Council denied plaintiff's request for review (*id.* pp. 2–7), making the May 2024 decision the Commissioner's final decision.

## II.  LEGAL STANDARD

### A.  <u>Standard Governing Benefits</u>

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4).  "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010).  The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If [the claimant] is, [the claimant] is not disabled.  *Id.*  Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If [the claimant] has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations" [(Listings)]. *Smith*, 631 F.3d at 634.  If the claimant's impairments do, [the

claimant] is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If [the claimant does] not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" (RFC) and whether he can perform his [or her] "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [the claimant] can still do despite [the claimant's] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform … past relevant work despite [the claimant's] limitations, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If [the claimant] cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] … age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, [the claimant] is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If [the claimant] cannot, [the claimant] is disabled.

*Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

### B.    Standard of Review

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings, "if supported by substantial evidence, shall be conclusive." *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an ALJ's decision "is

highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 687 (3d Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Id.* (quoting *Biestek*, 587 U.S. at 103). Courts are bound by an ALJ's findings so long as they are supported by substantial evidence even if the court would have decided the matter differently. *See Taylor v. Comm'r of Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

An ALJ must sufficiently develop the record and explain findings in order to permit meaningful review when the decision is read as a whole. *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021). In so doing, an ALJ need not use any particular language or format. *Id.* Though there is deference afforded to the ALJ's evaluation of evidence, witnesses, and expert opinions, "remand is necessary 'where we cannot ascertain whether the ALJ truly considered competing evidence, and whether a [plaintiff's] conditions, individually and collectively, impacted' his ability to work." *Grier v. Comm'r Soc. Sec.*, 822 F. App'x 166, 170 (3d Cir. 2020) (quoting *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009)).

### III.  THE ALJ DECISION

At step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity.   (ECF No. 4–2 p. 21.)

At step two, the ALJ determined that plaintiff had the following severe impairments: degenerative disc disease, lumbar and cervical spine; fibromyalgia; cardiac arrythmia; right shoulder rotator cuff tear and adhesive capsulitis; right knee osteoarthritis, status post meniscus tear surgery.   (*Id.* p. 22.)

At step three, the ALJ considered various Listings and determined that through the date last insured that plaintiff "did not have an impairment or

4

combination of impairments that met or medically equaled the severity" of any of the impairments listed by the regulations. (*Id.*) Specifically, the ALJ determined that plaintiff's impairments did not meet the criteria for Listings 1.15 (Disorders of the Skeletal Spine Resulting in Compromise of a Nerve Root), 1.18 (Abnormality of a Major Joint in Any Extremity), or 4.05 (Recurrent Arrhythmias). (*Id.* p.23.) The ALJ also considered plaintiff's fibromyalgia. (*Id.*)

At step four, the ALJ concluded that plaintiff had the RFC to perform light work, with certain additional capabilities and limitations, including:

> [T]he ability to lift/carry up to 20 pounds occasionally, 10 pounds frequently; stand/walk for up to 6 hours, and sit for 6 hours, in an 8-hour workday; frequently climb stairs, ramps, ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; and frequently reach overhead, forward, and laterally with the right upper extremity.

Upon summarizing plaintiff's testimony, the ALJ determined that plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (*Id.* p.25.) For example, the ALJ noted that "at [plaintiff's] consultative exam, she reported a greater ability to perform daily activities than she testified at her hearing," such as managing a routine, doing most of her own personal care, preparing simple meals, doing chores and laundry, and going to stores by herself. (*Id.* p.28.) The ALJ further noted that the objective medical evidence shows that plaintiff can function better with proper treatment. (*Id.*)

At step five, the ALJ considered plaintiff's background, RFC, and vocational expert testimony to determine that plaintiff was "capable of performing past relevant work" as a phlebotomist and medical assistant as that work is generally performed. (*Id.* p.31.)

5

## IV.  DISCUSSION

Plaintiff raises three main challenges to the ALJ's decision.   (ECF No. 5 (Mov. Br.) pp. 15–28.)   First, plaintiff argues that the ALJ erred at step two by not finding her migraine headaches to be a "severe" limitation and erred at step four by not considering her migraine headaches in the RFC analysis.   (*Id.* pp. 15–20.)   Second, plaintiff argues that the ALJ failed to appropriately weigh statements from plaintiff and her sister.   (*Id.* pp. 20–23.).   Third, plaintiff argues that the ALJ failed to consider certain medical evidence.   (*Id.* pp. 24–27.)[2]   The Commissioner filed an opposition brief (ECF No. 7 (Opp'n Br.)), in response to which, plaintiff filed a reply brief (ECF No. 8 (Reply Br.).)

### A.     Step Two

Plaintiff argues that the ALJ's determination at step two that plaintiff's migraines were not a "severe" impairment was not supported by substantial evidence.     (Mov. Br. pp. 18–20.)   The Commissioner disagrees because by finding even one "severe" impairment, the ALJ resolved step two in plaintiff's favor.   (Opp'n Br. pp. 9–11.)

At step two, the ALJ must determine whether plaintiff has any impairments severe enough to limit his ability to work.     *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).   A severe impairment is "something beyond a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."   *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).   The burden is on the plaintiff to show a severe impairment at step two, but the inquiry is *de minimis* and used to filter out meritless claims.   *See id.*; *Newell v. Comm'r of Soc. Sec.*,

---

[2] In her Brief, plaintiff also argues that remanding this matter would be a waste of time, and the ALJ's errors warrant finding plaintiff disabled and awarding summary judgment in her favor. (Mov. Br. pp. 27–28.)   But plaintiff appears to abandon this argument in her Reply Brief, instead welcoming remand.   (*See* Reply Br. pp. 9, 10, 11.)

347 F.3d 541, 546 (3d Cir. 2003)). Nevertheless, "diagnoses alone are insufficient to establish their severity at [s]tep [t]wo." *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 (3d Cir. 2007).

I need not reach the issue of whether plaintiff's migraines constituted a severe impairment.   Because the ALJ found in plaintiff's favor at step two by finding at least one severe impairment (here, degenerative disc disease, lumbar and cervical spine; fibromyalgia; cardiac arrythmia; right shoulder rotator cuff tear and adhesive capsulitis; right knee osteoarthritis, status post meniscus tear surgery), "even if [s]he had erroneously concluded that some of [plaintiff's] other impairments were non-severe, any error was harmless." *Salles*, 229 F. App'x at 145 n.2.

Here, assuming—without deciding—that the ALJ correctly determined that plaintiff's migraines were not a "severe impairment," as discussed below, the ALJ's RFC analysis at step four fails to account for her migraines, and such an error is harmful.

### B.    <u>RFC</u>

Plaintiff next argues that the ALJ's findings as to the RFC are not supported by substantial evidence because the ALJ failed to consider plaintiff's migraines, regardless of their severity.   (Mov. Br. p.20.)   The Commissioner responds that the ALJ appropriately considered plaintiff's migraines.   (Opp'n Br. p.11–12.) Specifically, the Commissioner argues that "when the ALJ discussed [p]laintiff's ability to travel to Florida and drive long distances, [the ALJ] was addressing impairments that could possibly affect traveling and driving, including headaches.   In addition, the ALJ discussed [p]laintiff's headache medication when formulating the RFC."   (*Id.* p.11 (citing ECF No. 4–2 pp.25, 28).)

Plaintiff counters that the Commissioner's explanation is an impermissible post-hoc rationalization of the ALJ's analysis.   (Reply Br. pp.6–7.)

7

"To assess the RFC, the ALJ must consider all relevant evidence from the record, which includes statements from medical sources and the claimant's own description of her limitations." *Morel v. Colvin*, 14–02934, 2016 WL 1270758, at *6 (D.N.J. Apr. 1, 2016). "The RFC assessment must be supported by a clear statement of the facts upon which the finding is based." *Id.* If a claimant's symptoms "suggest a greater functional restriction than is demonstrated by the objective evidence alone, the Commissioner considers evidence such as the claimant's statements, daily activities, duration and frequency of pain, medication, and treatment." *Id.* (quoting *Landeta v. Comm'r of Soc. Sec.*, 191 F. App'x 105, 111 (3d Cir. 2006)). Regulations require ALJs to "consider all … medically determinable impairments of which [he or she is] aware, including … medically determinable impairments that are not 'severe.'" 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see Rutherford v. Barnhart*, 399 F.3d 546, 554 n. 7 (3d Cir. 2005). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may— when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." SSR 96–8p, 1996 WL 374184, at *5.

I agree with plaintiff. Although the ALJ states that he "considered all of the [plaintiff's] medically determinable impairments, *including those that are not severe*, when assessing the claimant's [RFC]," (ECF No. 4–2 p. 22 (emphasis added)), I find that the ALJ's RFC analysis fails to account for plaintiff's migraines at all. (*See generally id.* pp. 23–31.) The only mention of plaintiff's headaches is that "prior to the work accident, [plaintiff] was in pain care management for several years for headaches and neck pain." (*Id.* p. 25.) Contrary to the Commissioner's argument, the ALJ's discussion of "driving long distances to Florida," (*id.* p. 28), was not about plaintiff's migraines; it arose in the context of her "significant musculoskeletal impairments, with chronic pain due to degenerative disc disease and degenerative joint disease." (*Id.*)

Plaintiff's testimony at the hearing shows how migraines affect her daily life.   She testified that she gets about three migraines per month, each lasting for 24–36 hours, during which time she suffers from nausea, dizziness, vomiting, and light-sensitivity requiring her to close windows and curtains. "The kids know to leave [her] alone" during a migraine.   (*Id.* p.54.)   Further, if she gets a migraine, she will have to forego plans with her family, such as shopping with her daughter.   (*Id.* p.66.)   Plaintiff also testified that she gets headaches more frequently than migraines, and these cause similar symptoms as the migraines, but without the light sensitivity.   (*Id.* p.55.)   The migraine and headache symptoms arise even though plaintiff takes Floricet to prevent them.   (*Id.* p.54.)   And the VE testified that an individual with plaintiff's limitations with two or more work absences per month would exceed an employer's tolerance and not allow plaintiff to work full-time.   (*Id.* p.73.)   Put simply, the ALJ failed to consider objective medical evidence in the record or plaintiff's statements about her own pain, limitations, and daily life as required. *Morel*, 2016 WL 1270758, at *6.   It is of no moment that the ALJ considered plaintiff's testimony about her headaches and migraines at step two because the RFC determination requires a separate analysis.   *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (cited favorably by *Kich v. Colvin*, 218 F. Supp. 3d 342, 355 (M.D. Pa. 2016) ("[T]he Commissioner's procedures do not permit the ALJ to simply rely on [their] finding of non-severity as a substitute for a proper RFC analysis.")

Because the ALJ failed to consider a mild limitation in an RFC, I cannot ascertain whether all of plaintiff's conditions, individually or collectively, impacted her ability to work, and remand is warranted.   *See Grier*, 822 F. App'x at 170); *Robert E. v. Comm'r of Soc. Sec.*, No. 20–06882, 2021 WL 5277193, at *7 (D.N.J. Nov. 12, 2021) (remanding for further proceedings when ALJ failed to consider non-severe medically determinable impairment of

9

irritable bowel syndrome "so that the ALJ may properly consider how [the p]laintiff's non-severe impairments affect his RFC and his capability to perform work that exists in the national economy").    Because remand is appropriate, I need not address plaintiff's other arguments.

## V.    CONCLUSION

For the reasons stated above, the Commissioner's decision denying plaintiff's application for benefits is **VACATED** and **REMANDED** to the Social Security Administration for further proceedings consistent with this Opinion. An appropriate Order follows.

 _/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  May 4, 2026